UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA

Case No: 09-20536-04

v.

DALE HAWN
_____/

## DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that the Defendant be detained pending trial.

**Part I - Findings of Fact**

**A.    Motion to Detain (18 U.S.C. §§ 3142(a) and 3142(f)(1))**

 X    (1)    The Government moved for detention at the Defendant's first appearance pursuant to:

   X    18 U.S.C. § 3142(f)(1).

   __   18 U.S.C. § 3142(f)(2).

 __   (2)    A detention hearing was held on this judicial officer's motion pursuant to 18 U.S.C. § 3142(f)(2). See part D for findings.

**B.    Rebuttable Presumption – Defendant on Release Pending Trial (18 U.S.C. §3142(e)(2))**

 __   (1)    The Defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1), and has previously been convicted of a crime listed in 18 U.S.C. § 3142(f)(1), or comparable state or local offense.

 __   (2)    The offense described in finding was committed while the Defendant was on release pending trial for a federal, state or local offense.

__ (3) A period of less than five years has elapsed since

    __ the date of conviction, **or**

    __ the Defendant's release from prison for the offense described in finding (B)(1).

__ (4) Findings (B)(1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

**C. Rebuttable Presumption – Probable Cause (18 U.S.C. § 3142(e)(3))**

There is probable cause to believe that the Defendant has committed an offense:

  <u> X </u> for which a maximum prison term of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 *et seq.*)[1], **or**

  __ under 18 U.S.C. § 924(c), 18 U.S.C. § 956(a) or 18 U.S.C. § 2332b, **or**

  __ listed in 18 U.S.C. § 2332b(g)(5) (federal crimes of terrorism) for which the prison term is 10 or more years, **or**

  __ listed in 18 U.S.C. §§ 1581-1594 (slavery or trafficking in persons), **or**

  __ involving a minor victim listed in 18 U.S.C. § 3142(e)(3)(E).

**D. Findings Pursuant to 18 U.S.C. § 3142(f)(2)**

__ (1) There is a serious risk that the Defendant will not appear.

__ (2) There is a serious risk that the Defendant will endanger the safety of another person or the community.

**Part II - Statement of the Reasons for Detention**

I find that the testimony and information submitted at the detention hearing establishes:

---

[1] Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

| | by clear and convincing evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the safety of the community; **or** |
|---|---|
| | by a preponderance of the evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the Defendant's appearance; **or** |
| X | both of the above. |

**Statement of reasons for detention pursuant to 42 U.S.C. § 3142(i):**

Having concluded that the Government timely moved for detention pursuant to 18 U.S.C. § 3142(a) in a case described in 18 U.S.C. § 3142(f), and that a rebuttable presumption in favor of detention applies in this case, the Court must consider whether there is sufficient evidence on the record to rebut the presumption under the factors set forth in subsection § 3142(g).

As to the factors set forth in subsections (g)(1) and (g)(2), I find that the offense charged involves narcotic drugs, specifically crack cocaine. I further find, from the grand jury having returned an indictment, that there is a definite weight of evidence, at least rising to the level of probable cause, supporting the charges against Defendant.

As to subsection 3142(g)(3), I find that Defendant is currently 38 years of age, is married, and has consistently resided in Michigan. Defendant has lived with his family at an address on West Thomas Street in Bay City for at least the last three years. Prior to that time, Defendant resided at various addresses in the Bay City area. He has a GED, but is currently unemployed, although he works at various odd jobs. Previously, Defendant worked as a truck driver for various trucking concerns, primarily in the Bay City area.

Between June and August 1990, Defendant was twice charged with felony assault with a dangerous weapon as well as malicious destruction of property. Defendant pled guilty to both the felony assault with a dangerous weapon charges, and was a sentenced to two to four years' custody, served concurrently. In October 1990, Defendant pled guilty to misdemeanor malicious destruction of property and was sentenced to 90 days in jail. In December 1990, Defendant pled guilty to larceny from a building and was sentenced to 32 to 48 months' incarceration. In 1997, he was released from custody, having been denied parole and having served the maximum possible sentence under that charge.

One year and five months later, Defendant was charged and pled guilty to domestic violence. He served a brief period of incarceration. In 2005, Defendant pled guilty to misdemeanor receiving and concealing stolen property. He was sentenced to 18 months' probation.

The Government proffers that information developed through a Title II wiretap indicates Defendant's propensity for violence, specifically reciting an incident where Defendant spoke of kidnapping another person and forcing him to withdraw money from an automatic teller machine. During the review of affidavits supporting various search warrants, I had the opportunity to review partial transcripts of Title II materials and conclude that the Government accurately characterized this incident.

The Government further proffers that after Defendant's arrest, he made what are arguably admissions against interest. While it is premature to decide the legal significance of those statements, for the purposes of considering this motion, I note that Defendant is said to have admitted transporting as much as 40 kg of cocaine, making use of a truck and trailer then at his disposal. The Government further proffers that during the execution of a search warrant at Defendant's residence, seventy-nine pre-packaged user amounts of crack cocaine were seized, as well as quantities of marijuana, scales, and drug paraphernalia. Residue

found in the residence also field-tested positive for heroin. The Government also proffers that the results of the Title II wiretap indicate that Defendant's wife may have been assisting, or at least was willing to assist, him in the distribution of drugs.

In light of Defendant's pattern of drug dealing, I note that at least seven circuits and a number of district courts have held that continued drug dealing constitutes a danger to the community. *See, e.g., United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989) ("continued drug dealing does constitute a danger and threat to the community, and that fact alone justifies detention"); *United States v. Portes*, 786 F.2d 758, 765 (7th Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986); *United States v. Leon*, 766 F.2d 77, 81 (2d Cir. 1985); *United States v. Williams (Melvin)*, 753 F.2d 329, 335 (4th Cir. 1985); *United States v. Kelley*, No. 08-40011-01-RDR, 2008 WL 821951, at *2-*3 (D. Kan. Mar. 26, 2008); *United States v. Rivera-Febres*, No. 07-054(DRD), 2007 WL 4287515, at *4 (D.P.R. Dec. 4, 2007); *United States v. Caniglia*, No. 02-188-01, 2002 WL 32351181, at *5 (E.D. Pa. Apr. 9, 2002).

In light of Defendant's criminal history, his admissions, as well as the tangible results of the search of his residence, I conclude that the presumption in favor of detention has not been rebutted on the evidence presented. I further conclude that even if the presumption had been rebutted, I am unable under these circumstances to craft any condition or combination of conditions that would reasonably assure the safety of the community or Defendant's appearance as required.

The Government's motion to detain is therefore **GRANTED**.

## Part III - Directions Regarding Detention

The Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable,

from persons awaiting or serving sentences or held in custody pending appeal.  The Defendant must be afforded a reasonable opportunity to consult privately with defense counsel.  On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the Defendant to the United States marshal for a court appearance.

Review of this Order is governed by 18 U.S.C. § 3145 and E.D. Mich. L.R. 57.2.

                                                s/ *Charles E. Binder*
                                                CHARLES E. BINDER
Dated: November 16, 2009            United States Magistrate Judge

## CERTIFICATION

     I hereby certify that this Order was electronically filed this date, electronically served on Shane Waller and Donna Beasley, and served on Pretrial Services and the U.S. Marshal's Service in the traditional manner.

Date: November 16, 2009        By    s/*Jean L. Broucek*
                                                       Case Manager to Magistrate Judge Binder